ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN OFFICIAL OPINION OF THE ATTORNEY GENERAL THAT WOULD DISCUSS, BASED ON THE FACTS YOU HAVE PROVIDED, WHETHER THE OKLAHOMA STATE UNIVERSITY FOUNDATION IS MAKING A PROPER EXPENDITURE OF FUNDS. IN YOUR LETTER YOU INQUIRE, IN EFFECT:
 IS THE ADVERTISEMENT FOR SALE OF OKLAHOMA STATE UNIVERSITY AWAY-GAME FOOTBALL PACKAGES, THROUGH INTERNATIONAL TOURS OF STILLWATER, INC., A PRIVATE CORPORATION, A PROPER EXPENSE OF THE O.S.U. FOUNDATION, WHEN ONE OF THE INCORPORATORS HAPPENS TO BE AN EMPLOYEE OF OKLAHOMA STATE UNIVERSITY?
BECAUSE THE ANSWER TO YOUR QUESTION CANNOT BE PROVIDED AS A MATTER OF LAW, BUT MUST RATHER HINGE UPON THE EXISTENCE OF FACTS THAT YOU HAVE PROVIDED AND OTHER FACTS THAT OUR OFFICE IS NOT VESTED WITH THE AUTHORITY TO OBTAIN, IT IS NOT POSSIBLE FOR THE ATTORNEY GENERAL TO RESOLVE YOUR QUESTION BY THE ISSUANCE OF AN OFFICIAL OPINION. 74 O.S. 18B(E), WHICH REQUIRES THE ATTORNEY GENERAL TO SUBMIT HIS OPINION ON ALL QUESTIONS OF LAW SUBMITTED TO HIM, DOES NOT ENVISION THE ISSUANCE OF OPINIONS, THE RESULT OF WHICH IS DETERMINED BY VARIABLE FACTUAL ISSUES. THE ATTORNEY GENERAL IS NOT AUTHORIZED BY LAW TO RECEIVE EVIDENCE OR TO COMMAND THE PRODUCTION OF EVIDENTIARY MATERIALS BY SUBPOENA OR UNDER OATH. THAT DIFFICULTY IS ESPECIALLY PERTINENT TO YOUR REQUEST INASMUCH AS THE ISSUE AS TO WHETHER A PARTICULAR EXPENDITURE OF THE OKLAHOMA STATE UNIVERSITY FOUNDATION IS A PROPER EXPENSE IS INVARIABLY GOING TO TURN UPON MATTERS WHICH CAN ONLY BE RESOLVED BY A FACT FINDING ENTITY OR AN EVIDENTIARY HEARING. IT APPEARS THAT THE CORPORATE ENTITIES REFERRED TO IN YOUR LETTER ARE NOT STATE AGENCIES; THEREFORE, THE PROHIBITIONS CONTAINED IN 74 O.S. 4243 (1981) CANNOT APPLY. ALTHOUGH YOU DO NOT INQUIRE AS TO THE PROPRIETY OF ANY INDIVIDUAL STATE EMPLOYEE'S ACTIONS VIOLATE STATUTORY PROHIBITIONS, SUCH ACTIONS COULD NOT BE EVALUATED PURELY AS A MATTER OF LAW. AS YOU CAN SEE, THE ANSWER TO THIS QUESTION WOULD TURN FIRST UPON WHETHER THE STATE EMPLOYEE IN QUESTION IS A SHAREHOLDER OF INTERNATIONAL TOURS OF STILLWATER, INC., AND HOW SUBSTANTIAL HIS FINANCIAL INTEREST MAY BE. THIS WOULD REQUIRE THE ATTORNEY GENERAL TO OBTAIN FACTUAL INFORMATION TO DETERMINE WHETHER THE PARTICULAR EXPENDITURE WAS IMPROPER. IN THIS SITUATION, IT IS DOUBTFUL THAT ANY HYPOTHETICAL COULD BE CONSTRUED THAT WOULD HOLD ENOUGH FACTS CONSTANT TO PROVIDE A MEANINGFUL ANSWER.
I REGRET THAT A MEANINGFUL ANSWER APPLYING SOME UNIFORM AND UNIVERSAL PRINCIPAL OF LAW IS NOT AVAILABLE BUT I AM SURE YOU WILL UNDERSTAND WHY THAT IS THE CASE.
(UNIVERSITY EMPLOYEE/CONFLICT OF INTEREST)
(ROBERT T. RALEY)